NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 21 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CESAR AUGUSTO CAIXON RAXTUN, | No. 20-71226 |
| Petitioner, | Agency No. A205-322-026 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 12, 2021**

Before:     TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

Cesar Augusto Caixon Raxtun, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' ("BIA") order denying his

motion to terminate and dismissing his appeal from an immigration judge's

decision denying his application for withholding of removal and relief under the

Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C.

---

        *        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        **        The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1252. We review for abuse of discretion the agency's denial of a motion to terminate. *Dominguez v. Barr*, 975 F.3d 725, 734 (9th Cir. 2020). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

The BIA did not abuse its discretion in denying Caixon Raxtun's motion to terminate where his contention that the immigration court lacked jurisdiction over his proceedings is foreclosed by *Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020) ("the lack of time, date, and place in the NTA sent to [petitioner] did not deprive the immigration court of jurisdiction over her case").

Substantial evidence supports the agency's determination that Caixon Raxtun failed to establish that the harm he experienced or fears in Guatemala was or would be on account of a protected ground, including political opinion or membership in a particular social group. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (an applicant "must provide *some* evidence of [motive], direct or circumstantial"); *Sagaydak v. Gonzales*, 405 F.3d 1035, 1042 (9th Cir. 2005) (to establish a nexus to a political opinion ground, petitioner must show "(1) that [he] had either an affirmative or imputed political opinion, and (2) that [he was] targeted *on account of* that opinion."); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus

2                                                                    20-71226

to a protected ground"). Thus, Caixon Raxtun's withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT relief because Caixon Raxtun failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**